CITY OF LAKEWOOD, APPELLANT, *v.* HARTMAN, APPELLEE.

[Cite as *Lakewood v. Hartman* (1999), 86 Ohio St.3d 275.]

(No. 98–1368—Submitted May 18, 1999—Decided September 1, 1999.)

276

*Kevin M. Spellacy,* Lakewood City Prosecutor, *Matthew J. King* and *Jennifer L. Swallow,* Assistant City Prosecutors, for appellant.

MOYER, C.J. The sole issue presented here is whether the trial court abused its discretion in restricting Hartman's driving privileges and ordering that she have an ignition interlock device installed in her automobile as a condition of probation for the offense to which she pled guilty, driving without a valid operator's license. For the reasons that follow, we find that the trial court did not abuse its discretion in ordering the conditions of probation under the circumstances of this case.

A trial court is vested with discretion in determining the proper conditions of probation. R.C. 2951.02; *State v. Jones* (1990), 49 Ohio St.3d 51, 52, 550 N.E.2d 469, 470. R.C. 2951.02(A)(1) provides:

"In determining whether to suspend a sentence of imprisonment upon an offender for a misdemeanor and place the offender on probation * * *, *the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk, the nature and circumstances of the offense, and the history, character, and condition of the offender.*" (Emphasis added.)

The statute clearly designates that a court shall consider several factors in determining whether to place an offender on probation. It follows that these factors should be considered in determining the appropriate conditions of such probation. Additionally, R.C. 2951.02(C)(1)(a) provides mandatory conditions of probation for misdemeanor offenders. The section further provides that "[i]n the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender * * *."

In *Jones* this court set forth the test to determine if conditions of probation are related to "the interests of doing justice, rehabilitating the offender, and [e]nsuring [the offender's] good behavior." Pursuant to *Jones*, the court should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime committed, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation. *Id.* at 53, 550 N.E.2d at 470.

Here, the court of appeals found that restricting Hartman's driving privileges and requiring her to have an ignition interlock device installed on her automobile were not related to the offense of which she was found guilty, nor were these conditions intended to rehabilitate her. We disagree.

When Hartman appeared before the trial court, she had been convicted of DUI on four separate occasions. Additionally, she had been cited for driving with a suspended license eight times. The number of offenses on Hartman's driving record reflects her lack of appreciation for her responsibilities to operate a motor vehicle in conformance with the laws of Ohio. It was reasonable for the trial court to believe that additional conditions were necessary to rehabilitate her and protect those who may be injured by her conduct.

Despite the fact that Hartman was not facing an alcohol-related charge when the trial court imposed conditions of probation, we conclude that her driving record supports the imposition of restricted driving privileges and the order requiring the installation of the ignition interlock device. Her suspended license was directly related to her DUI convictions. The installation of the ignition interlock device will protect others from her lack of responsibility. The imposition of such a condition of probation is reasonably related to the crime of which Hartman was found guilty, and will hopefully deter her from future acts of criminal driving. We conclude that the conditions of probation imposed by the trial court do meet the requirements of R.C. 2951.02 as clarified in *Jones*.

We further note that that the imposition of probation is more likely to advance the goals of probation than the maximum sentence recommended by the court of appeals. Clearly, sentencing Hartman, who is a single mother, to six months in jail and a $1,000 fine is less likely to aid in her rehabilitation than allowing her to continue working and caring for her child.

For the foregoing reasons, the judgment of the court of appeals is reversed and the original sentencing order of the trial court is reinstated.

*Judgment reversed*
*and order reinstated.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.