JOURNAL ENTRY AND OPINION
Defendant James Salter pleaded guilty to one count of driving while intoxicated, a fourth degree felony because he had four or more prior convictions within the previous six years. The court sentenced defendant to one year in jail, with credit for time served, and two years of community controlled sanctions. The court ordered defendant to attend the Fresh Start program (an inpatient treatment program), and upon completion of that program, spend six months under electronically monitored house arrest. The court also imposed a $750 fine.
Defendant first complains the court erred by imposing a sentence in excess of that allowed by law. While not disputing that the driving while intoxicated offense was a fourth degree felony which requires a mandatory term of incarceration up to one year, defendant maintains the court's order for him to attend an inpatient treatment facility along with six months of house arrest actually imposes a longer term of incarceration than that permitted by statute.
A third drunk driving offense within six years is a fourth degree felony for which the court may impose a term of incarceration for up to one year. See R.C. 4511.99 (A) (4) (a). Part of that sentence must include a mandatory term of local incarceration of sixty days. See R.C. 2929.13 (G) (1). When sentencing an offender to a mandatory term of local incarceration, the court shall specify "whether the term is to be served in a jail, a community-based correctional facility, a halfway house, or an alternative residential facility." Id. This means that the sixty day period may not be served in an prison. See State v. Ferguson (August 19, 1999), Pickaway App. No. 99CA6, unreported.
The court's sentencing entry specified that defendant was to serve "one year in county jail with credit for time served." The sixty day mandatory term of local incarceration was subsumed within the one year of county jail time, so the court's order comports with R.C. 2929.13 (G) (1). See State v. Schoffield (Dec. 10, 1999), Washington App. No. 99 CA 10, unreported.
Defendant next argues that the six month term of house arrest, imposed as a condition of probation, should be included as a credit for time served on the prison sentence, not in addition to the maximum term of incarceration.
In addition to the one year term of incarceration for a fourth degree felony, the court may impose upon an OMVI offender a community residential sanction or combination of community residential sanctions not to exceed five years. See R.C. 2929.13
(A) (1); R.C. 2929.15 (A) (1). Community controlled sanctions are of two kind: residential sanctions and nonresidential sanctions. See R.C. 2929.16 and 2929.17. Residential and nonresidential sanctions, or a combination thereof, may be imposed in cases like this where the offender has committed a fourth degree felony OMVI offense and is required to serve a mandatory term of local incarceration. Because the court's decision to place defendant under house arrest falls under a community controlled sanction, not as part of his sentence, he was not entitled in this case to have credit against time served. See State v. Dubois (Nov. 9, 1994), Wayne App. No. 2885, unreported (when house arrest is imposed as condition of probation, rather than as part of a sentence, offender is entitled to no credit for time served).
Finally, defendant objects to the court's decision to place him under electronically monitored house arrest, a nonresidential sanction contained in R.C. 2929.17 (B), in addition to inpatient treatment for alcohol addiction. He maintains the combined length of these sanctions is too excessive and too intensive given his age (sixty-seven years old) and his declining health.
By his own admission, defendant recognizes that the court could have imposed community controlled sanctions for a period of up to five years. Moreover, "[a] trial court is vested with discretion in determining the conditions of probation." Lakewood v. Hartman
(1999), 86 Ohio St.3d 275, 276. Since this was defendant's fourth OMVI offense in six years, the court could rationally conclude that defendant required more stringent community controlled sanctions. Nothing in the record suggests that this conclusion is an abuse of discretion. The assigned errors are overruled.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., JAMES D. SWEENEY, J., CONCUR.
 _____________________ JOHN T. PATTON, JUDGE