DECISION AND JUDGMENT ENTRY
April D. Oros appeals the conditions of community control imposed by the Pickaway County Court of Common Pleas. She asserts that the trial court abused its discretion by ordering her to stay away from the Match Box Tavern as a condition of community control sanctions. Because we find that the trial court did not abuse its discretion in setting conditions on Oros' community control that serve the ends of community control and are reasonably related to (1) rehabilitating Oros, (2) Oros' crime, and (3) possible future crime by Oros, we disagree. Accordingly, we affirm the decision of the trial court.
 I.
In December 2000, Oros pled guilty to trafficking crack cocaine in violation of R.C. 2925.03, a fourth degree felony. After receiving a presentence investigation report ("PSI"), the trial court held a sentencing hearing. According to the PSI, Oros admitted to smoking marijuana an average of twice a day, almost every day up to the day prior to the plea hearing. Oros was employed at the Match Box Tavern, which is owned by her family.
At the sentencing hearing, Oros' attorney noted that Oros had tested positive for marijuana during the pre-sentence investigation and had been working at her family's business, the Match Box Tavern. After the state indicated that it did not oppose a community control sanction if it included drug and alcohol abuse treatment, the following exchange occurred:
 There are a couple of things that bother the court. One is you are twenty years of age and you are apparently employed at the Match Box. And to be quite frank with you, that Match Box is a hellhole in this county. * * *. I sit up here and see what comes through here, okay at the Match Box. There's no way I am going to have any one on probation, my probationer to have anything to do with the Match Box. That is number one. * * * I think if you go down there[,] there's probably a sign that says no one under twenty-one is supposed to come in the place probably.
THE DEFENDANT: Yes.
 THE COURT: Yeah. And there you are down there managing it. Maybe that tells me why there's been so many problems down there at the Match Box. It just amazes me. And then here you are trafficking in drugs.
In accordance with its verbal comments, the trial court made staying out of the Match Box Tavern a condition of Oros' community control.
Oros appeals and asserts the following assignment of error:
 The trial court erred in ordering the defendant to stay out of the Match Box, a family owned bar business where she was gainfully employed[,] as a term and condition of her five year community control.
 II.
In her only assignment of error, Oros argues that the trial court erred in imposing the condition of staying out of the Match Box Tavern as part of the community control sanctions. Oros asserts that staying out of the Match Box Tavern is not reasonably related to the offense involved, her rehabilitation, or the protection of the public.
Am.Sub.S.B. No. 2, which changed felony sentencing, created community control as a replacement for probation. See, generally, R.C. 2929.15. R.C. 2929.15 sets forth various types of community control sanctions. In addition to the listed community control sanctions, the "court may impose any other conditions of release under a community control sanction that the court considers appropriate." R.C. 2929.15(A).
We review a trial court's imposition of community control for compliance with the statutory sentencing scheme and the imposition of additional conditions pursuant to R.C. 2929.15(A) for an abuse of discretion. See Lakewood v. Hartman (1999), 86 Ohio St.3d 275, 277, citing R.C. 2951.02 and State v. Jones (1990), 49 Ohio St.3d 51, 52 ("A trial court is vested with discretion in determining the proper conditions of probation."); R.C. 2929.11(B); R.C. 2929.15(A). An abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. State v. Lessin (1993), 67 Ohio St.3d 487;Rock v. Cabral (1993), 67 Ohio St.3d 108. When applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re Jane Doe I (1991),57 Ohio St.3d 135, citing Berk v. Matthews (1990), 53 Ohio St.3d 161.
Pursuant to Jones, a trial "court should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime committed, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." Hartman at 278, citing Jones at 53.
While some courts have continued to apply the test articulated inJones to cases involving community control, see, e.g., State v. Bates
(Nov. 2, 2000), Cuyahoga App. No. 77522, unreported; State v. Alexander
(Oct. 6, 2000), Champaign App. No. 2000-CA-6, unreported, other courts have found that Jones does not apply to community control conditions. InState v. Sturgeon (2000), 138 Ohio App.3d 882, the First District Court of Appeals wrote:
 The language of [the Jones] test, however, was taken from the text of former R.C. 2951.02(C), which, prior to the amendments effectuated by Am.Sub.S.B. No. 2, applied to additional conditions of probation imposed on an offender convicted of either a misdemeanor or a felony. Specifically, former R.C. 2951.02(C) provided that "in the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior, the court may impose additional requirements on the offender * * *." Following Senate Bill 2, that language was only included in the text of 2951.02(C)(1)(a), which now relates to additional conditions of probation imposed on misdemeanants. R.C. 2929.15, which governs additional conditions of community control imposed on a felon, does not contain the above-quoted language of former R.C. 2951.02(C). Accordingly, we conclude that the Jones test in inapplicable because Sturgeon was convicted of a felony and an additional community control sanction was imposed pursuant to R.C. 2929.15.
We agree with those courts that have continued to apply the Jones tests to conditions of probation. See Griffin Katz, Ohio Felony Sentencing Law (2000), 514, Text 5.28. Under Senate Bill 2, a felony sentence must be "reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in [R.C. 2929.11(A)] * * *." R.C. 2929.11(B) (emphasis added). "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution * * *." R.C. 2929.11(A) (emphasis added). Thus, applying theJones test, which requires that the sentencing condition bear a reasonable relationship to (1) rehabilitating the offender, (2) the crime committed, and (3) criminal conduct or future criminality, ensures that the trial court is complying with R.C. 2929.11(B).
Accordingly, we consider whether the trial court abused its discretion in setting the additional community control condition of staying out of the Match Box Tavern. The PSI indicates that Oros has a substance abuse problem, i.e., she used marijuana on an average of twice a day every day and admitted to dealing crack cocaine. The PSI also indicated that Oros was not of legal drinking age, yet was managing a tavern that did not admit persons under the legal drinking age. Thus, removing Oros from an environment (employment at the Match Box Tavern) where she regularly took drugs and dealt crack cocaine is reasonably related to her rehabilitation. Staying out of the Match Box Tavern has "some relationship" to the crime Oros was convicted of because of her employment at the tavern while she was dealing crack cocaine. Being in a bar or tavern is reasonably related to future criminality for Oros because of her substance abuse problem. That the trial court limited its prohibition only to the Match Box Tavern is reasonable given her behavior while she worked there. Thus, the trial court's condition of staying out of the Match Box Tavern is reasonably related to rehabilitating Oros, the crime Oros committed, and future criminality by Oros. Therefore we find that the trial court did not abuse its discretion in setting the conditions of Oros' community control. Accordingly, we overrule Oros' only assignment of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
ROGER L. KLINE, Judge.