DECISION
{¶ 1} Defendant-appellant, Larry D. Wooten, appeals from a judgment of the Franklin County Municipal Court finding him guilty, pursuant to a no contest plea, of driving without a valid operator's license and sentencing him to three years of probation that required defendant to undergo drug assessment, possess no alcohol, and submit to random urinalysis or other testing as directed by his probation officer. Defendant assigns a single error:
The trial court erred in imposing conditions of probation that have no relationship to the original offenses, relate to conduct not criminal in nature, and are not reasonably related to future criminality.
Because the trial court imposed improper conditions of probation, we modify its judgment.
 {¶ 2} Defendant was charged with three offenses on June 18, 2002: (1) driving with a suspended driver's license in violation of R.C.4507.02(B)(1), (2) driving with expired license plates in violation of R.C. 4503.21, and (3) driving without the required two red brake lights in violation of R.C. 4513.071. Defendant initially entered a not guilty plea to all three charges, but on the day of trial he entered a no contest plea to an amended charge of driving without a valid operator's license in violation of R.C. 4507.02(A); the state dismissed the other charges.
 {¶ 3} The trial court found defendant guilty pursuant to his no contest plea. The trial court imposed a 180-day sentence, but suspended 179 days for a three-year probation period. According to the record, the contested conditions of probation require that defendant: (1) complete an alcohol/substance abuse assessment as directed by the probation officer and comply with any follow-up recommendations, (2) not possess or consume any alcoholic beverage or any non-prescribed drug of abuse, and (3) submit to random urinalysis or other testing as directed by the probation officer (collectively, "conditions of probation").
 {¶ 4} At the sentencing, defendant objected to the conditions of probation, contending they were not related to the offense for which he was convicted. The trial court, in response, stated: "[l]et's put on the record the fact that your client has an out-of-state drug conviction, perhaps, and also an OMVI conviction." (Tr. 5.) Defense counsel admitted defendant had an OMVI conviction, but counsel noted the present case contained no allegation of any drinking. As to a drug conviction, defense counsel pointed out that the pre-sentence investigation ("PSI") report indicated defendant had no prior convictions.
 {¶ 5} While the court was unwilling to attest to the accuracy of the PSI report, the court noted that "I see the FRA suspension that was kicked in was because of an out-of-state drug conviction. * * * Okay. I'm saying my probation is designed to keep a person out of trouble in all respects." Although defense counsel continued to assert the trial court had exceeded its sentencing ability, the court disagreed, stating "[n]ot with a prior OMVI conviction." (Tr. 5-6.)
 {¶ 6} Defendant's single assignment of error contends the trial court erred in imposing conditions of probation that are directed to rehabilitating an alcohol or substance abuse offender, when defendant was convicted solely of driving without a valid operator's license.
 {¶ 7} "A trial court is vested with discretion in determining the proper conditions of probation."Lakewood v. Hartman (1999),86 Ohio St.3d 275, 277. "In determining whether to suspend a sentence of imprisonment upon an offender for a misdemeanor and place the offender on probation * * * the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk, the nature and circumstances of the offense, and the history, character, and condition of the offender." R.C. 2951.02(A)(1).
 {¶ 8} In so doing, "a court shall consider several factors in determining whether to place an offender on probation. It follows that these factors should be considered in determining the appropriate conditions of such probation." Lakewood, at 277. The considerations include "the interests of doing justice, rehabilitating the offender, and ensuring the offender's good behavior." R.C. 2951.02(C)(1)(a).
 {¶ 9} From those parameters, the Supreme Court of Ohio in State v.Jones (1990), 49 Ohio St.3d 51, 53, set forth the test to determine if conditions of probation are proper. "Pursuant to Jones, the court should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime committed, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." Lakewood, at 278, quoting Jones, supra.
 {¶ 10} Part of the difficulty in this case arises from the trial court's failure to adequately document defendant's prior record. The PSI report is not part of the record, and the trial court did not reference during sentencing any other document in the record as the basis for assessing defendant's prior record. As a result, we have considerable trouble relating the conditions of probation to the offense for which defendant was found guilty.
 {¶ 11} Specifically, defendant was convicted of driving without a valid operator's license. No allegations of alcohol or substance abuse accompanied the charges the police issued to defendant or the charge to which defendant entered a no contest plea. Further, the record does not reveal that the loss of a driver's rights that underlies the charge for which defendant was convicted was the product of a drug or alcohol-related offense.
 {¶ 12} The trial court, however, stated defendant had a prior conviction, in 2001 according to a printout in the record, for driving while under the influence of alcohol or a substance of abuse ("OMVI"). According to the printout, that conviction, in turn, gave rise to either one or two six-month driver's rights suspensions; if two, they ran nearly concurrently and expired in September or October 2001. The printout further shows defendant in September 2001 was convicted of driving while under a suspension, apparently the suspension imposed as a result of the OMVI conviction. Although the trial court also mentioned a drug conviction, as contrasted with the OMVI conviction, defendant disputed the conviction, and the record reveals none. Combining the prior OMVI with the purported drug conviction, the trial court apparently believed the conditions of probation were appropriate.
 {¶ 13} Despite the trial court's intention to address a perceived problem in defendant, the conditions of probation imposed are not reasonably related to the rehabilitation of the offender, as required under the first prong of Jones. Defendant's conviction was for driving without a valid operator's license. Absent some indication of alcohol abuse in connection with the offense, the conditions of probation the trial court imposed are not directed to the cause of defendant's unlawful behavior in driving without a valid license. Cf. State v. Krug (1993),89 Ohio App.3d 595, 597 (concluding a driver's rights suspension was not rationally related to defendant's rehabilitation from a domestic violence conviction);Columbus v. Harmon (Sept. 27, 1990), Franklin App. No. 89AP-1412 (concluding a driver's rights suspension had no rational relationship to defendant's rehabilitation from conviction for disorderly conduct arising from indecent exposure, even though the activity that underlay the charge occurred in an automobile).
 {¶ 14} While the state relies on Lakewood, that case involves a considerably different factual situation. In Lakewood, defendant had four OMVI convictions in four years, and eight citations for driving with a suspended license. In the face of such offenses, the Supreme Court of Ohio concluded that the defendant's record evidenced a "lack of appreciation for her responsibilities to operate a motor vehicle in conformance with the laws of Ohio. It was reasonable for the court to believe that additional conditions were necessary to rehabilitate her and protect those who may be injured by her conduct." Id. at 278. As theLakewood court noted, "[h]er suspended license was directly related to her DUI convictions. The installation of the ignition interlock device will protect others from her lack of responsibility. The imposition of such a condition of probation is reasonably related to the crime of which Hartman was found guilty and will hopefully deter her from future acts of criminal driving." Id.
 {¶ 15} By contrast, defendant had one, perhaps two, prior OMVI convictions and one conviction for driving while under suspension that apparently arose out of the OMVI conviction. Nearly two years later, at the time of defendant's sentencing, the state produced nothing to show further convictions for offenses related to alcohol or substance abuse. Moreover, although the trial court believed the suspension in this case arose from a "drug conviction," the record before us does not support that conclusion. Because the record does not indicate defendant's current problems arise from alcohol or substance abuse issues, the conditions of probation designed to address such problems are not reasonably related to defendant's rehabilitation, as required under the first prong of Jones.
 {¶ 16} The second prong of Jones requires that the probation conditions bear some relationship to the crime committed. Here, they do not. Although the offense was not alcohol-related, the trial court nonetheless imposed conditions of probation typically directed to an offense related to substance abuse. Cf. State v. Friend (1990),68 Ohio App.3d 241, 242 (concluding the trial court erred in requiring "an order of restitution for property damage unrelated to the incident before the court and in excess of the fines permitted by statute").
 {¶ 17} Lastly, under Jones, the conditions of probation, in part, must relate to conduct that is criminal or related to future criminality. Possession and use of alcohol is not a crime in itself. Absent some indication that the offense for which defendant was convicted itself involved alcohol, or that the offense arose out of defendant's abusing alcohol, the trial court's condition of probation prohibiting defendant from possessing alcohol is not directed to defendant's future criminality on the facts of this case. For that reason, the conditions of probation violate the third prong of Jones.
 {¶ 18} In the final analysis, on this record we unable to conclude that the trial court properly sentenced defendant when it imposed the discussed conditions of probation. The remaining conditions, however, are appropriate, including the trial court's requirement that defendant comply with all laws.
 {¶ 19} Accordingly, defendant's single assignment of error is sustained to the extent indicated, and the judgment of the trial court is modified to eliminate as conditions of probation defendant's completing an alcohol substance abuse assessment and complying with any follow-up recommendations, defendant's not possessing or consuming any alcoholic beverage, and defendant's submitting to random urine testing.
Judgment affirmed as modified.
BROWN and KLATT, JJ., concur.