OPINION *Page 2 
{¶ 1} Appellant Jeffrey Henry appeals the decision of the Richland County Common Pleas Court to revoke his community control due to a violation.
 {¶ 2} In May, 2004 Appellant was indicted by the Richland County Grand Jury on one count of unlawful sexual conduct with a minor (Case No. 04-C1Z-387), as well as five counts of rape and five counts of sexual battery (Case No. 04-CR-507). These charges stemmed from allegations made by his stepdaughter.
 {¶ 3} On June 14, 2004 Appellant pled guilty to one count of unlawful sexual conduct with a minor, a felony of the third degree, on a bill of information. The rape and sexual battery charges in Case No. 04-CR-507 were dismissed in exchange for appellant's plea. A pre-sentence investigation was conducted. On August 10, 2004 the trial court sentenced Appellant to three years in prison. The trial court labeled Appellant a sexually oriented offender.
 {¶ 4} On January 3, 2006 the trial court granted judicial release to Appellant. As a condition of his judicial release, he was placed on three years of community control. He was also ordered to successfully complete sex offender treatment at the Volunteers of America ("VOA") halfway house. During his time at the VOA, Appellant committed numerous rule infractions. Most of those infractions dealt with his inability to account for his movement. He would frequently receive calls allegedly from his employer telling him that he needed to be at work; however, when the staff at the VOA attempted to verify that he was on the job, his supervisors would indicate that he was not at work. Appellant would also sign out of the VOA to go to the bank or the store, yet would not provide receipts or bring back the money to pay his subsistence fees to prove his whereabouts. *Page 3 
 {¶ 5} In addition to these problems, Appellant also resumed a relationship with a woman without disclosing the relationship to the staff at the VOA or his probation officer. The VOA did not learn of the relationship until the woman came to the facility to drop off some items for the Appellant. She would also visit Appellant while he was at work, in violation of the VOA's visitation policy.
 {¶ 6} Despite a warning from his probation officer that further violations would result in a community control violation being filed against him, Appellant failed to account for his movement. These rule violations had a negative impact on Appellant's progress in the sex offender treatment program. His score on the Sex Offender Needs Assessment test went from a four when he first arrived at the VOA, to an eight before his termination, instead of going down as expected. The decision was made to terminate appellant from the program after an incident in which Appellant checked himself out of Med Central Hospital and was gone for a period of time without returning to the halfway house.
 {¶ 7} On November 3, 2006, after Appellant's termination from the VOA, his probation officer filed a community control violation against the Appellant. The charge alleged that he violated a written court order that he completes the VOA's sex offender treatment program.
 {¶ 8} A community control violation hearing was held on March 14, 2007. At that hearing, the State presented testimony from Dr. Constance Brody, the clinical director at the VOA; Valerie Ball, Appellant's counselor at the VOA; and Kenny Kaufman, appellant's probation officer. Appellant took the stand in his own defense. At the conclusion of the hearing, the trial court found Appellant guilty of the probation violation *Page 4 
by virtue of his unsuccessful termination from the VOA program. The court re-imposed the remainder of Appellant's three year prison term.
 {¶ 9} Appellant raises three Assignments of Error:
 {¶ 10} "I. THE STATE OF OHIO FAILED TO OFFER SUFFICIENT EVIDENCE TO ESTABLISH THAT THE APPELLANT SUBSTANTIALLY VIOLATED HIS PROBATION; THEREFORE, THE TRIAL COURT'S DECISION TO REVOKE APPELLANT'S PROBATION WAS IMPROPER AND/OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THIS DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PORVISIONS OF THE OHIO CONSTITUTION."
 {¶ 11} "II. THE TRIAL COURT ERRED IN REVOKING APPELLANT'S PROBATION IN THAT THE CONDITIONS OF APPELLANT'S PROBATION WERE OVERLY BROAD AND DID NOT POSSESS THE REQUISITE NEXUS TO THE CRIME OF WHICH APPELLANT WAS CONVICTED."
 {¶ 12} "III. THE TRIAL COURT DEPRIVED APPELLANT OF HIS RIGHTS AS GUARANTEED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATED CONSTITUTION AND COMPARABLE PROVISION OF OHIO LAW, AS IT FAILED TO PROVIDE THE MINIMUM DUE PROCESS PROTECTION AT APPELLANT'S REVOCATION HEARING." *Page 5 
 I. {¶ 13} In his first assignment of error, Appellant first asserts there was insufficient evidence presented to support the trial court's revocation of his community control.
 {¶ 14} Because a community control revocation hearing is not a criminal trial, the State does not have to establish a violation with proof beyond a reasonable doubt. State v. Payne, Warren App. No. CA2001-09-081, 2002-Ohio-1916, citing State v. Hylton (1991),75 Ohio App.3d 778, 782, 600 N.E.2d 821. Instead, the prosecution must present "substantial" proof that a defendant violated the terms of his community control sanctions. Id., citing Hylton at 782, 600 N.E.2d 821. Accordingly, we apply the "some competent, credible evidence" standard set forth in C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, to determine whether a court's finding that a defendant violated the terms of his community control sanction is supported by the evidence. See State v. Umphries (July 9, 1998), Pickaway App. No. 97CA45; State v. Puckett (Nov. 12, 1996), Athens App. No. 96CA1712. This highly deferential standard is akin to a preponderance of the evidence burden of proof. See State v. Kehoe (May 18, 1994), Medina App. No. 2284-M.
 {¶ 15} Once a court finds that a defendant violated the terms of his community control sanction, the court's decision to revoke community control may be reversed on appeal only if the court abused its discretion. Columbus v. Bickel (1991), 77 Ohio App.3d 26, 38,601 N.E.2d 61. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Maurer (1984), 15 Ohio St.3d 239,253, 473 N.E.2d 768. *Page 6 
 {¶ 16} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. Reviewing courts should accord deference to the trial court's decision because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections which cannot be conveyed to us through the written record, Miller v. Miller (1988), 37 Ohio St.3d 71.
 {¶ 17} Upon review of the record, the evidence presented at the revocation hearing demonstrates that Appellant was terminated for violating requirements of the Volunteers of America program. Appellant signed the conditions of supervision to enter the program as well as the rules and regulations of the program. T. at 74-75. Appellant was ordered to complete the program. Id. Part of the purpose of the program is to teach participants accountability and responsibility. Appellant's location was unaccounted for numerous times. T at 9. He started a relationship with a female without getting clearance from his probation officer or talking about the relationship in group sessions. T. at 11, 30, 58, 79. He failed to pay his subsistence. T. at 11, 35. His score on the Sex Offender Needs Assessment went from a 4 to an 8 due to negative behaviors. T. at 12. Finally, Appellant was transported to the hospital due to a health condition, he was discharged but failed to report back to the VOA. T. at 76. He then checked himself back into the hospital almost an hour later. Id. His probation officer made contact with him, but every time he was asked a question he appeared to have a seizure. T. at 77. The medical personnel told the probation officer appellant was medically cleared and they felt he was playing games to prevent transport to jail. Id. Overall, Appellant stopped following the rules of the program. T. at 40. *Page 7 
 {¶ 18} Based upon the above, we find there was sufficient evidence Appellant violated the terms of his community control, and the trial court did not abuse its discretion in its decision to revoke appellant's community control sanction.
 {¶ 19} Appellant's first assignment of error is overruled.
 ll. {¶ 20} Appellant further argues the terms of his community control were overly broad and unconstitutional.
 {¶ 21} Community control sanctions must be reasonably related to the statutory ends of community control and must not be overbroad. State v.Talty (2004), 103 Ohio St.3d 177. In Talty, the Ohio Supreme Court set forth a test for determining whether a condition reasonably relates to probationary goals:
 {¶ 22} "R.C. 2929.15(A)(1) governs the authority of the trial court to impose conditions of community control. That section provides that when sentencing an offender for a felony, the trial court may impose one or more community sanctions, including residential, nonresidential, and financial sanctions, and any other conditions that it considers "appropriate." The General Assembly has thus granted broad discretion to trial courts in imposing community-control sanctions. We review the trial court's imposition of community-control sanctions under an abuse-of-discretion standard. Lakewood v. Hartman (1999),86 Ohio St.3d 275, 714 N.E.2d 902 (reviewing a probation condition under an abuse-of-discretion standard).
 {¶ 23} "Nevertheless, a trial court's discretion in imposing probationary conditions is not limitless. Jones, 49 Ohio St.3d at 52,550 N.E.2d 469. In Jones, we set forth the standard by which courts determine whether a trial court exceeds those limits. * * * *Page 8 
 {¶ 24} "Having so limited our analysis in Jones, we set forth the test for determining whether a condition reasonably relates to the three probationary goals as reflected in former R.C. 2951.02(C) of "doing justice, rehabilitating the offender, and insuring good behavior." 140 Ohio Laws, Part I, at 604. We stated that courts must "consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." Jones, 49 Ohio St.3d at 53, 550 N.E.2d 469."
 {¶ 25} As set forth in the statement of facts and case above, the trial court imposed as a term of Appellant's community control that he had to successfully complete the VOA sex offender program. As part of that program, Appellant had to show accountability and responsibility for his movement as well as attend educational and counseling sessions and follow all the rules of the program. We find the restriction imposed by the trial court was reasonably related to the statutory ends of community control, and had a direct relationship to the crime for which the offender was convicted, that being unlawful sexual conduct with a minor involving his fourteen year-old stepdaughter. The restriction relates to conduct which is reasonably related to future criminality.
 {¶ 26} Appellant's second assignment of error is overruled.
 III. {¶ 27} In his third assignment of error, Appellant asserts that the trial court violated his right to due process by failing to issue written findings of fact or state on the record the reasons for revocation. We disagree. *Page 9 
 {¶ 28} In Gagnon v. Scarpelli (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, the United States Supreme Court held the following minimum due process requirements apply in a probation revocation proceeding: (a) written notice of the claimed violations of probation, (b) disclosure to the probationer of the evidence against him, (c) an opportunity to be heard in person and to present witnesses and documentary evidence, (d) the right to confront and cross-examine adverse witnesses, (e) a neutral and detached hearing body, and (f) a written statement by the fact finder as to the evidence relied on and the reasons for revoking probation. Id., at 786.
 {¶ 29} Appellant received written notice of the violations, which stated: "1.) In violation of Conditions of Supervision #5, which states: "I will follow all orders, verbal or written, given to me by my supervising officer or other authorized representative on of the Court or the Department of Rehabilitation and Correction. TO WIT: ON/ABOUT 11-3-06, YOU FAILED TO FOLLOW A WRITTEN ORDER, GIVEN TO YOU BY THE COURT, TO COMPLETE THE VOLUNTEERS OF AMERICA HALFWAY HOUSE PROGRAM." Notice of Community Control Violation, dated November 14, 2006
 {¶ 30} Further, the notice provides corroboration of the alleged violation by stating, "[o]n/about 11-3-06, after continued lack of progress at the Volunteers of America halfway house program, the offender was terminated from their program. The offender failed to pay for his subsistence and failed to follow their rules regarding his finances." Id.
 {¶ 31} On March 14, 2007 a revocation hearing was held in which Appellant was represented by counsel. His counsel cross-examined the witnesses and Appellant testified on his own behalf. He was also provided with a termination report from the *Page 10 
VOA detailing the reasons for his termination. State's Exhibit 1. Further at the close of evidence, the trial court stated: "They essentially said they'd put up with you as long as they had and they threw you out." T. at 113. The trial court then stated, "Mr. Henry, you violated the terms of probation by getting violated by the VOA without completing that program." T. at 116. The trial court's "Community Control Violation Journal Entry", filed March 16, 2007, states: "The Court heard the evidence and finds the defendant guilty of community control counts 1." This entry cross-references to count 1 of the Notice of Community Control Violation, dated November 14, 2006.
 {¶ 32} We find the minimum due process requirements were met in this case by the trial court's statements on the record and its entry.
 {¶ 33} Accordingly, Appellant's third assignment of error is overruled.
 {¶ 34} The judgment of the Richland County Common Pleas Court is affirmed.
 By: Delaney, J. Hoffman, P.J. and Farmer, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1