OPINION *Page 2 
{¶ 1} Defendant-appellant Bobbi J. Swank appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which overruled her objections to magistrate's decision, and adopted the decision not to terminate its order that she have no contact with Kenneth Massie. Appellant assigns a single error to the trial court:
 {¶ 2} "THE TRIAL COURT ERRED BY DENYING DEFENDANT'S MOTION TO TERMINATE THE NO CONTACT ORDER BETWEEN THE DEFENDANT AND KENNETH MASSIE."
 {¶ 3} The record indicates appellant pled guilty to four counts of forgery and two counts of felony theft on November 2, 2005. The court placed her on community control and set various conditions, including that she have no contact with Kenneth Massie, the father of her two year child. Massie is serving a twenty-three year prison sentence.
 {¶ 4} Appellant filed a pro se motion to terminate the no-contact order because Trumbull Correctional Institution, where Massie is incarcerated, will not allow family visits with appellant, Massie, and their son unless the no-contact order is vacated.
 {¶ 5} The magistrate found the officer supervising appellant's community control had given her permission for one visit, but later revoked the permission because appellant had not been complying with the other conditions of her community control. The magistrate found the child's grandparents have been taking him to visit Massie.
 {¶ 6} The magistrate recommended the no-contact order be suspended so the family could have one visit per year. The magistrate found the child should have some contact with his father, and appellant's community control restrictions would not expire until the child was approximately five years old. *Page 3 
 {¶ 7} Appellant objected to the magistrate's decision allowing only one visit per year. Appellant did not submit a transcript of the hearing with her objections. The court found appellant's son had been able to visit Massie, and found appellant should not be going to a prison to visit an unrelated inmate while she is on probation for a felony offense.
 {¶ 8} The trial court overruled the objections, and accepted the magistrate's conclusions, including modification of the no-contact to permit one visit per year.
 {¶ 9} In State v. Talty, 103 Ohio St. 3d 177, 2004-Ohio-4888, 218 N.E. 2d 1201, the Ohio Supreme Court found our standard of review for a trial court's imposition of community control sanctions is the abuse of discretion standard, Id., paragraph one, citing Lakewood v. Hartman
(1999), 86 Ohio St. 3d 275, 714 N.E. 2d 902. The Supreme Court cautioned that a trial court's discretion is not limitless, Talty at paragraph 11, citing State v. Jones (1990), 49 Ohio St. 3d 51 at 52 550 N.E. 2d 469. The probation conditions must be reasonably related to the statutory goals set out in R.C. 2929.15, and the probation conditions must not be over-broad, Id. at paragraph 18.
 {¶ 10} In determining whether a condition of probation is related to the statutory goals of doing justice, rehabilitating the offender, and insuring good behavior, courts should consider whether the condition is reasonably related to rehabilitating the offender; has some relationship to the crime of which the offender was convicted; and relates to conduct which is criminal or reasonably related to future criminality,Jones supra at 53, citations deleted. *Page 4 
 {¶ 11} Appellant argues there is no relationship between the crimes for which she was convicted and the prohibition regarding visits with her child's father. She urges for this reason, the sanction is over-broad and unreasonable.
 {¶ 12} Crim. R. 19 requires a party who objects to the factual findings in a magistrate's decision provide the court with a transcript of the hearing or an affidavit indicating the transcript is unavailable. Because appellant did not provide a transcript, the trial court's review of this matter was limited to determining whether there were errors of law or defects on the face of the decision.
 {¶ 13} We find the trial court did not abuse its discretion in modifying the no contact order and limiting appellant to one annual visit.
 {¶ 14} The assignment of error is overruled.
 {¶ 15} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
 Gwin, P.J., Wise, J., and Delaney, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant. *Page 1