[Cite as *Strongsville v. Feliciano*, 2011-Ohio-5394.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No.   96294

## CITY OF STRONGSVILLE

PLAINTIFF-APPELLEE

vs.

## ALNARDO FELICIANO

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED IN PART, REVERSED IN PART AND REMANDED

Criminal Appeal from the
Berea Municipal Court
Case No. 10 CRB 00688

**BEFORE:**   E. Gallagher, J., Blackmon, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**    October 20, 2011
**ATTORNEY FOR APPELLANT**

Tiaon Michele Lynch
13317 Madison Avenue
Lakewood, Ohio   44107


**ATTORNEY FOR APPELLEE**

George F. Lonjak
Strongsville City Prosecutor
614 Superior Avenue
Suite 1310
Cleveland, Ohio   44113


EILEEN A. GALLAGHER, J.:

{¶ 1}  This case came to be heard upon the accelerated calendar pursuant to App.R. 11 and Loc.R. 11.1.

{¶ 2}  Defendant-appellant, Alnardo Feliciano, appeals his sentence from the Berea Municipal Court.   We affirm in part, reverse in part, and remand.

{¶ 3}  Appellant was charged with domestic violence against his wife on June 11, 2010, in the city of Strongsville.   The trial court issued an order of protection in favor of appellant's wife on June 16, 2010, and appellant, through that order, was required to wear a GPS monitoring device during the pendency of the case.[1]   On October 13, 2010, appellant pled guilty to an amended charge of disorderly conduct in violation of R.C.

---

[1]During the pendency of this case appellant's wife filed for divorce.

2917.11, a misdemeanor of the fourth degree. Appellant was sentenced on December 3, 2010, at which time he was fined $250 and sentenced to 15 days in jail with credit for time served. The trial court also imposed one year of community control sanctions with conditions only the following of which are relevant to the present appeal: that appellant take and pass random drug and alcohol tests as ordered by the probation department; that appellant complete a drug and mental health assessment and follow all recommendations; and that appellant stay away from his wife.

{¶ 4} Appellant brought the present appeal, advancing two assignments of error pertaining to his community control sanctions for our review. Appellant's first assignment of error states:

{¶ 5} "The lower court abused its discretion in ordering defendant to have a drug and alcohol assessment performed and in ordering random drug and alcohol testing when no alcohol or drugs were involved in the underlying crime."

{¶ 6} A trial court is vested with broad discretion in imposing community-control sanctions and will not be subject to reversal absent an abuse of that discretion. *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201. "The term 'abuse of discretion' connotes more than error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. A court's discretion in imposing such conditions is not, however, limitless. *Talty* at ¶11., citing

*State v. Jones* (1990), 49 Ohio St.3d 51, 52, 550 N.E.2d 469. Conditions may not be imposed that are so overly broad as to unnecessarily impinge upon the probationer's liberty. Id. at 180. Further, conditions should be imposed in the interests of rehabilitating the offender, administering justice, and ensuring the offender's good behavior. Id. at 181.

{¶ 7} When reviewing community control sanctions, we consider whether the condition imposed, "(1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *Talty*, at ¶12, citing *State v. Jones* (1990), 49 Ohio St.3d 51, 53, 550 N.E.2d 469.

{¶ 8} In the case sub judice we cannot say that the trial court's community control sanctions requiring appellant to take and pass random drug and alcohol tests as ordered by the probation department and to complete a drug and alcohol assessment bear any relationship to the crime for which appellant was convicted. The record before us is utterly lacking any mention of drugs or alcohol having been involved in the incident for which appellant was convicted.

{¶ 9} A review of case law in this area reveals that instances where drug and alcohol related probation and community control conditions have been upheld have all involved some nexus between the offender's conviction and drug or alcohol use. See

*State v. Chavers*, Wayne App. No. 04CA0022, 2005-Ohio-714 (Probation condition that offender not consume alcohol or visit a bar that serves alcohol constituted an abuse of the trial court's discretion where nothing in the record indicated that alcohol was involved in the crime or the offender's past criminal history.); *State v. Wooten*, Franklin App. No. 03AP-546, 2003-Ohio-7159 (Trial court abused its discretion in requiring defendant to undergo drug assessment, possess no alcohol, and submit to random urinalysis where record lacked evidence linking offender's connection to drugs or alcohol.); *State v. Weimer*, Trumbull App. No. 2004-T-0040, 2005-Ohio-2361 (Upholding probation conditions requiring offender convicted of driving under the influence from consuming or possessing drugs or alcohol or being found in any establishment where alcohol is sold or consumed by the drink.); *State v. Madey*, Cuyahoga App. No. 81166, 2002-Ohio-5976 (Where offender was convicted of misdemeanor assault involving alcohol usage, the trial court's probation condition barring her from consuming alcohol for two years was valid. However the trial court's further conditions that the offender not work in bars, get alcohol counseling, and attend weekly AA meetings were invalid under *Jones* because the record lacked sufficient evidence to support a conclusion that the offender had a drinking problem necessitating such conditions.); *State v. Hayes* (July 25, 1997), Meigs App. No. 96CA23-Meigs Co. (Upholding probation condition barring consumption of alcohol despite the fact that offender's crime was not directly linked to alcohol but where offender had a severe

alcohol problem and alcohol consumption was an underlying or motivating factor in his crime.); *State v. Harn* (Aug. 20, 1987), Franklin App. No. 87AP-269 to 87AP-271. (Upholding prohibition on alcohol consumption because there was some evidence that alcohol was involved in the crime and the offender appeared to possess an alcohol problem and had a past history of alcohol related arrests.)

{¶ 10} The present case is not an instance where the record reflects that appellant has a history of drugs or alcohol problems. See *Lakewood v. Hartman* (1999), 86 Ohio St.3d 275, 714 N.E.2d 902 (Upholding a trial court's probation condition that offender's vehicle be equipped with an ignition device designed to detect alcohol despite the fact that offender's conviction did not involve alcohol. The offender's extensive history of four prior driving under the influence convictions and eight suspended license convictions demonstrated her lack of appreciation for the responsibility of operating a motor vehicle. It was reasonable for the trial court to believe that additional conditions were necessary to rehabilitate her and protect those who may be injured by her conduct.); *State v. Curry* (Feb. 21, 1991), Franklin App. No. 90AP-838 (Alcohol abstinence condition upheld in part because of offender's history of alcohol-related convictions.)

{¶ 11} The present record is devoid of any indication that appellant's crime was related to alcohol or drug use, that appellant had a history of drug or alcohol abuse, or that appellant at any point in time engaged in the use of such substances. As such, we find that the trial court abused its discretion in ordering defendant to have a drug and

alcohol assessment performed and in ordering random drug and alcohol testing.

{¶ 12} Appellant's first assignment of error is sustained.

{¶ 13} Appellant's second assignment of error states:

{¶ 14} "The lower court abused its discretion in ordering defendant to have an electronic monitoring bracelet until probation determined it could be removed when there was no evidence that defendant had any contact with his soon to be ex-wife in over six months and there was no evidence that defendant presented a continuing danger to his wife."

{¶ 15} We need not address the merits of appellant's second assignment of error because in the trial court's December 3, 2010 judgment of conviction the trial court ordered appellant to "stay away" from his wife but did not order electronic monitoring. A court speaks through its docket and its journal entries and not by oral pronouncement. *State v. Turner*, Cuyahoga App. No. 88489, 2007-Ohio-3264, at ¶9; *State v. Deal*, Cuyahoga App. No. 88669, 2007-Ohio-5943, at ¶54. As such, we find appellant's second assignment of error to be without merit.

{¶ 16} The judgment of the trial court is reversed to the extent that it imposed the community control sanctions addressed in appellant's first assignment of error and the cause is remanded. As such, appellant's sentence and the remaining conditions of his probation remain intact.

{¶ 17} Judgment affirmed in part, reversed in part and remanded to the lower

court for further proceedings consistent with this opinion.

It is ordered that said appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

PATRICIA A. BLACKMON, P.J., and
JAMES J. SWEENEY, J., CONCUR