[Cite as *State v. White*, 2015-Ohio-3844.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 14AP-1027 |
| v. | : | (C.P.C. No. 14CR-1204) |
| Nicita N. White, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 22, 2015

*Ron O'Brien,* Prosecuting Attorney, and *Barbara A. Farnbacher,* for appellee.

*Yeura R. Venters,* Public Defender, and *David L. Strait,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Nicita N. White ("White"), appeals from a judgment of the Franklin County Court of Common Pleas imposing a community control sanction that she not possess or consume any illegal drugs or alcohol, after she pled guilty to receiving stolen property, a fifth-degree felony. For the reasons that follow, the decision of the trial court is affirmed in part and reversed in part and remanded for a resentencing hearing pursuant to this decision.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 28, 2014, White was questioned and arrested by police officers after they determined that the license plates on her vehicle had been reported stolen. (Tr. 10-11, 14.) White was indicted on March 7, 2014, on one count of receiving stolen property. (R. 1.) On November 13, 2014, the matter came before the trial court for a

hearing. White informed the court that she intended to plead guilty. The trial court accepted White's guilty plea and received a "short form" presentence report filled out by White and her counsel. (Tr. 12-13.) White was 20 at the time the crime was committed, and 21 at the time of the sentencing. (R. 1; Tr. 4.) The trial court demonstrated a sincere interest in aiding White's successful rehabilitation by encouraging her to believe that she could overcome all challenges in life no matter what people may tell her. (Tr. 16-18.) The court urged White to believe in herself and find the strength to do what is right and further stated:

> THE COURT: I know that you can do it. I bet you got a little stubborn streak. You are hurting somebody else by not participating in something that [is] going to benefit you. It doesn't hurt anybody but you. It doesn't hurt anybody but you.
>
> Find some new friends with whom you can hang out. Focus on taking care of your children. Focusing on extending your education. You got to get a GED. You got to go to Columbus State, take classes, lots of things you need to do so that you can be successful. Okay?
>
> * * *
>
> THE COURT: Here is what I am going to do today. There is an [sic] a joint recommendation for community control. I am going to follow the joint recommendation. What I am going to do, I will be frank, what I am trying to do is I want you to get to the point where we can start looking toward having this sealed. I don't want to do this for a long time. I want you to have a certain set of skills so you can be successful.
>
> * * *
>
> THE COURT: * * * I am going to order that you participate in the employment program. That you participate in the cognitive behavior program. That you have no new arrests or convictions, that you not possess or consume any illegal drugs or alcohol.

(Tr. 18-20.) Thereafter, counsel for White objected to the condition prohibiting her from possessing or consuming illegal drugs or alcohol, as not being reasonably related to the offense or her criminal history. (Tr. 21.) The trial court overruled the objection, noting that

it had a very brief summary, which stated "none," apparently in relation to White's history of drugs or alcohol, which the court questioned. (Tr. 21-22.) The trial court noted the objection for the record but stated "I am not going to change the conditions. I have a very brief summary. * * * I don't know that to be true." (Tr. 21-22.)

{¶ 3}   The court then sentenced White to nine months of community control with the following community control sanctions:

> Defendant shall pay costs of supervision; Defendant shall obtain and maintain fulltime verifiable employment; Defendant shall complete the Cognitive Behavior Program; Defendant shall have no new arrests or convictions; Defendant shall not possess or consume any illegal drugs or alcohol.

(Judgment, 2.) White now brings this appeal.

## II.  ASSIGNMENT OF ERROR

{¶ 4}   White appeals assigning a single error:

> The trial court erred in imposing conditions of community control that have no relationship to the original offenses, relate to conduct not criminal in nature, and are not reasonably related to future criminality.

## III.  STANDARD OF REVIEW

{¶ 5}   We review the trial court's decision to impose community control sanctions under an abuse of discretion standard. *Lakewood v. Hartman*, 86 Ohio St.3d 275 (1999); *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, ¶ 10; *State v. Tobin*, 10th Dist. No. 11AP-776, 2012-Ohio-1968, ¶ 5. Although a trial court is granted broad discretion in imposing community control sanctions, its discretion is not limitless. *Talty* at ¶ 11. Community control conditions, like probation conditions previously, must not be overbroad and must reasonably relate to the goals of community control: rehabilitation, administering justice, and ensuring good behavior. *Id.* at ¶ 16. *See State v. Stewart*, 10th Dist. No. 04AP-761, 2005-Ohio-987.

## IV.  ASSIGNMENT OF ERROR – ABUSE OF DISCRETION

{¶ 6}   White argues that the trial court erred in imposing the following community control sanctions:  "Defendant shall not possess or consume any illegal drugs or alcohol." (Judgment, 2.)

{¶ 7}   R.C. 2929.17 establishes a list of various nonresidential sanctions the trial court may impose for felony convictions.  On this list is the ability to prohibit the use of illegal drugs and alcohol. R.C. 2929.17(H). Additionally, R.C. 2929.17 provides that, if the court imposes one or more nonresidential sanctions authorized under this section, as it did in this case, "the court shall impose as a condition of the sanction that * * * the offender shall abide by the law."

{¶ 8}   As noted above, a trial court's discretion in imposing probationary conditions is not limitless.  *Talty* at ¶ 11, citing *State v. Jones*, 49 Ohio St.3d 51 (1990). The Supreme Court of Ohio in *Jones* stated:

> In determining whether a condition of probation is related to the "interests of doing justice, rehabilitating the offender, and insuring [their] good behavior," courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to the conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.

*Jones* at 53, quoting R.C. 2951.02(C).

{¶ 9}   Initially, we note that White's challenge to the condition prohibiting her from possessing or consuming illegal drugs is without merit. Illegal drug possession or consumption violates the statutory requirement that the defendant "abide by the law," contained in R.C.2929.15(A)(1) and 2929.17.  Therefore, as it pertains to the condition that White "not possess or consume any illegal drugs," White's assignment of error is overruled.

{¶ 10} The primary issue in this case is whether the trial court acted reasonably when it imposed a condition prohibiting White from possessing or consuming alcohol. We utilize the three-prong test of *Jones* when determining the sufficiency of community control conditions. The state argues that, because White's condition of no alcohol is reasonably related to her rehabilitation, the trial court did not abuse its discretion. However, *Jones* requires that all three prongs be satisfied in order for this court to find that the trial court did not abuse its discretion.

{¶ 11} The first prong of *Jones* requires that a community control condition be reasonably related to rehabilitating the offender. The state directs our attention to a Ninth District case where the court held that a condition prohibiting alcohol consumption was

reasonably related to rehabilitating the particular offender. *State v. Chavers*, 9th Dist. No. 04CA0022, 2005-Ohio-714, ¶ 12. Chavers was convicted of passing a bad check and received probation. One of the conditions of his probation was that he not consume drugs or alcohol. The court in *Chavers* found that the condition to not consume alcohol was certainly related to the offender's rehabilitation.

{¶ 12} This court has previously held that a condition prohibiting drugs and alcohol was not reasonably related to an offender's rehabilitation, and ultimately an abuse of discretion. *State v. Wooten*, 10th Dist. No. 03AP-546, 2003-Ohio-7159. In *Wooten*, the offender pled no contest to a charge of driving without a valid license. He was sentenced to community control, including a condition that he not possess or consume any alcohol or drugs. *Id.* at ¶ 3. Although Wooten had a prior record, including OMVI convictions, this court held that the imposition of the condition was not reasonably related to the rehabilitation of the offender. "Despite the trial court's intention to address a perceived problem in the defendant, the conditions imposed are not reasonably related to the rehabilitation of the offender." *Id.* at ¶ 13.

{¶ 13} Unlike White, who was just 21 at the time of her sentencing, Wooten was 36 years old, and his latest OMVI conviction was 2 years prior. In addition to being required, like White, to not possess alcohol and illegal drugs, Wooten was also required to undergo drug assessment and submit to random urinalysis testing. The trial court clearly did not want to make the conditions of probation overly burdensome on White and did not require her to submit to urine screens or undergo drug assessment. The length of probation also differed greatly. Wooten was sentenced to 3 years of probation, while White was sentenced to only 9 months. Wooten's conditions of probation regarding alcohol were certainly stricter, more burdensome, and of a much longer duration than those imposed on White. Additionally, the court in *Wooten* took issue with the trial court's "failure to adequately document defendant's prior record" and noted that the presentence investigation was "not part of the record" and as a result, "we have considerable trouble relating the conditions of probation to the offense for which defendant was found guilty." *Id.* at ¶ 10.

{¶ 14} In the present case, it is clear that the trial court was interested in White's rehabilitation and undertook a rather lengthy exchange with White at the sentencing hearing. (Tr. 3-21.) The court stated to White that: "I am trying to figure out what it is I

think I want to do to assist you." (Tr. 20.) It is clear that the trial court was concerned that White was now a convicted felon at a young age, had self-esteem issues, had dropped out of the diversion program, had two children to raise, and was associating with the wrong friends. (Tr. 16-18, 21.) The trial court expressed the hope that White would eventually be able to get this conviction sealed. (Tr. 17, 19.)

{¶ 15} It is clear that the trial court did not believe the self-serving, unverified "short form" presentence report, wherein White indicated that she had no drug or alcohol issues. (Tr. 21-22.) It is also clear that the court believed, from her 18-page discussion with White at the sentencing hearing, that drugs and/or alcohol contributed to White's apathy, lack of motivation and self-esteem, and personal stagnation. (Tr. 3-21.) The trial judge is in the best position to assess, based on observation, personal and professional experience, and cultural understanding and insight, the credibility of the defendant and the appropriate conditions of probation. In light of the facts in this case, and in giving due deference to the trial court, we find that the condition of no alcohol use is reasonably related to White's rehabilitation.

{¶ 16} The second prong of *Jones* requires that a condition be related to the crime that was committed. There is nothing in the record to indicate that alcohol played any part in White driving with stolen license plates. Courts have typically reserved a condition prohibiting the use of alcohol for crimes where alcohol was involved. *State v. Harn*, 10th Dist. No. 87AP-269 (Aug. 20, 1987) (a condition prohibiting the use of alcohol was not an abuse of discretion when there was prior history indicating alcohol played a role in the crime); *see also State v. Curry*, 10th Dist. No. 90AP-838 (Feb. 21, 1991). We cannot find a connection between alcohol and the crime for which White was convicted. There is insufficient evidence in the record to support the second prong of *Jones.*

{¶ 17} The final prong of *Jones* requires conditions to be related to some criminal conduct or future criminality. At the time of the sentencing, White was 21 years old. It is not illegal for her to possess and consume alcohol. The condition that she not possess or consume alcohol is not related to criminal conduct. Furthermore, there is no evidence that White has an issue with drugs and alcohol, or will in the future, that would suggest future criminal activity relating to alcohol. There is insufficient evidence in the record to support the third prong of *Jones.*

{¶ 18} It is clear that the trial court was not convinced by the "short form" presentence report filled out by the defense, wherein it indicated that White had no prior history of drug or alcohol abuse. It is also clear that the trial court had good intentions in imposing the condition of no alcohol; however, there is insufficient evidence to support this condition in this case. When applying the *Jones* factors to the case, it becomes apparent that the trial court abused its discretion in ordering the condition of no alcohol, without confirming the trial court's suspicions with evidence that proves prior usage or problems, and which may lead to bad decisions. In examining the three prongs together, we find that the condition prohibiting White from possessing or consuming alcohol fails the *Jones* test.

{¶ 19} Accordingly, White's single assignment of error is sustained in part and overruled in part. The trial court could order a full presentence investigation to support the trial court's conclusions, or simply remove the alcohol prohibition.

## V. DISPOSITION

{¶ 20} The judgment of the Franklin County Court of Common Pleas is affirmed in part, reversed in part, and this matter is remanded for further proceedings consistent with this decision.

*Judgment affirmed in part, reversed in part;*
*case remanded with instructions.*

BROWN, P.J., concurs.

LUPER SCHUSTER, J., concurs in judgment only.

_____