[Cite as *State v. Brown*, 2022-Ohio-3233.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,               :

                            No. 111173

    v.                                :

GRAIG A. BROWN,                         :

    Defendant-Appellant.              :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED IN PART; VACATED IN PART;
               AND REMANDED
**RELEASED AND JOURNALIZED:** September 15, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-653232-A and CR-20-653233-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Daniel T. Van, Assistant Prosecuting
Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and
John T. Martin, Assistant Public Defender, *for appellant*.

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Graig A. Brown ("Brown") appeals from his sentence for criminal nonsupport following a guilty plea. For the reasons that follow, we reverse in part, vacate in part, and remand.

**Factual and Procedural History**

{¶ 2} This case stems from two separate criminal nonsupport cases, Cuyahoga C.P. Nos. CR-20-653232-A and CR-20-653233-A. In Cuyahoga C.P. No. CR-20-653232-A, Brown was charged with one count of criminal nonsupport in violation of R.C. 2919.21(B) related to his daughter. In Cuyahoga C.P. No. CR-20-653233-A, Brown was charged with two counts of criminal nonsupport in violation of R.C. 2919.21(A)(2) related to his minor son.

{¶ 3} On August 17, 2021, Brown pleaded guilty to one count of criminal nonsupport in CR-20-653232-A and one count of criminal support in CR-20-653233-A, both felonies of the fifth degree. The remaining count of criminal nonsupport in CR-653233-A was dismissed. The court referred Brown to the probation department for a presentence investigation.

{¶ 4} On December 24, 2021, the court held a sentencing hearing. Defense counsel and the assistant prosecuting attorney addressed the court. The court sentenced Brown to five years of community control. In announcing its sentence, the court advised Brown that a violation of his probation would result in a prison term of "3 years, 12 months on each count." The court also ordered Brown to have one of his two vehicles appraised, to maintain full-time employment, and to complete 200 hours of community service. The court also stated that Brown "will have a fine of $7,500. That's $2,500 on each count." The corresponding sentencing journal entries in both cases contained the foregoing terms and went on to state, in relevant part:

No drugs and/or alcohol. The defendant may not go anywhere where drugs and/or alcohol are sold, served, or used.

Violation of the terms and conditions may result in more restrictive sanctions, or a prison term of 36 months as approved by law.

The defendant is ordered to pay a fine in the sum of $7,500.00

A $2,500 fine has been imposed on all 3 counts in CR-653232 and CR-653233.

The court ordered restitution in the amount of $25,506.56 in CR-20-653232-A and $32,766.60 in CR-20-653233-A and imposed court costs.

{¶ 5} Brown appeals, presenting the two assignments of error for our review:

I. The trial court erroneously advised the defendant that a violation of community control sanctions could result in three years' imprisonment when the maximum consecutive sentence available was only two years.

II. The court unreasonably imposed community control sanctions that were not related to rehabilitation, administering justice or ensuring good behavior when it prohibited Mr. Brown for five years from being near any location where alcohol was used or sold.

**Legal Analysis**

{¶ 6} In Brown's first assignment of error, he argues that the trial court erred when it advised him that a violation of his community-control sanctions would result in a prison term of 36 months. The state of Ohio concedes this assignment of error.

{¶ 7} R.C. 2929.14(A)(5) states:

For a felony of the fifth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, or twelve months.

Here, Brown pleaded guilty to and was convicted of two counts of criminal nonsupport, both of which were felonies of the fifth degree. Therefore, the maximum potential prison term he could receive for violating his probation would be two consecutive 12-month sentences, or 24 months. Therefore, we remand the case for the trial court to clarify that it can only reserve a 24-month sentence. Brown's first assignment of error is sustained.

{¶ 8} In his second assignment of error, Brown argues that the trial court unreasonably imposed community-control sanctions that were not related to rehabilitation, administering justice, or ensuring good behavior, when it prohibited Brown from being near any location where alcohol was sold, served, or used. We agree.

{¶ 9} An appellate court reviews the trial court's imposition of community-control sanctions for an abuse of discretion. *State v. Cooper*, 2016-Ohio-8048, 75 N.E.3d 805, ¶ 31 (8th Dist.), citing *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 10. Although a trial court "is granted broad discretion in imposing community control sanctions, its discretion is not limitless." *State v. White*, 10th Dist. Franklin No. 14AP-1027, 2015-Ohio-3844, ¶ 5, citing *Talty* at ¶ 11.

{¶ 10} R.C. 2929.15(A) authorizes a trial court to impose financial sanctions, "as well as any other conditions of release under a community control sanction that the court considers appropriate." *Cooper* at ¶ 32. Community-control conditions, however, must not be overbroad and must be reasonably related to the

goals of community control: "rehabilitation, administering justice, and ensuring good behavior." *Talty* at ¶ 11.

{¶ 11} In determining whether community-control sanctions are reasonably related to these goals, the Ohio Supreme Court has stated that courts must consider "'whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to the conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.'" *Talty* at ¶ 12, quoting *State v. Jones*, 49 Ohio St.3d 51, 53, 550 N.E.2d 469 (1990). All three prongs of this test must be satisfied for the reviewing court to find that the trial court did not abuse its discretion. *White* at ¶ 10. Further, the conditions "'cannot be overly broad so as to unnecessarily impinge upon the offender's liberty.'" *Talty* at ¶ 13, quoting *Jones* at 52.

{¶ 12} Our review of the record here reveals that the prohibition against being anywhere alcohol is sold, served, or used does not satisfy any of the three prongs of the *Jones* test. With respect to the second prong, the record shows that the prohibition has no relationship to the crime of which Brown was convicted, namely, criminal nonsupport. Specifically, several Ohio courts have previously required some nexus between an offender's crime and drug or alcohol abuse in order to uphold an alcohol-related community-control condition. *State v. Mahon*, 8th Dist. Cuyahoga No. 106043, 2018-Ohio-295, ¶ 9, citing *Strongsville v. Feliciano*, 8th Dist. Cuyahoga No. 96294, 2011-Ohio-5394 (finding the trial court

abused its discretion in ordering defendant to have a drug and alcohol assessment and random drug and alcohol testing where the record is devoid of any mention of drugs or alcohol involvement); *State v. Chavers*, 9th Dist. Wayne No. 04CA0022, 2005-Ohio-714 (finding an abuse of discretion in ordering defendant not to consume alcohol or visit a bar that serves alcohol where nothing in the record indicated that alcohol was involved in the crime or the offender's past criminal history); *State v. Wooten*, 10th Dist. Franklin No. 03AP-546, 2003-Ohio-7159 (finding an abuse of discretion in requiring defendant to undergo drug assessment, possess no alcohol, and submit to random urinalysis where record lacked evidence linking offender's connection to drugs or alcohol).

{¶ 13} We reiterate that there is no nexus between Brown's conviction for criminal nonsupport and a prohibition on being near alcohol. Neither indictment here contains any reference to drugs or alcohol, and our review of the record reveals no connection between alcohol and Brown's convictions.

{¶ 14} Further, with respect to the first and third prongs, nothing in the record indicates that this prohibition is reasonably related to Brown's rehabilitation or to future criminality. Because the prohibition does not satisfy any part of the *Jones* test, the record does not support the conclusion that prohibiting Brown from being anywhere alcohol is sold, served, or used is necessary to rehabilitate Brown or protect those individuals who may be injured by his conduct. As such, the community-control condition of alcohol prohibition constituted an abuse of discretion. Therefore, we vacate that portion of the trial court's sentencing order

imposing this condition. *Mahon* at ¶ 13, citing *Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, at ¶ 25. Brown's second assignment of error is sustained.

{¶ 15} Finally, although not raised by Brown in this appeal, we turn now to the trial court's imposition of a $7,500 fine. This court may recognize plain error sua sponte to prevent a miscarriage of justice. *State v. Noernberg*, 8th Dist. Cuyahoga No. 97126, 2012-Ohio-2062, ¶ 31.

{¶ 16} R.C. 2929.18(A)(3)(e) provides that the maximum fine that may be imposed for a felony of the fifth degree is $2,500. Thus, because Brown was convicted of two felonies of the fifth degree, the maximum fine the trial court was authorized to impose was $5,000. Therefore, the trial court's imposition of three $2,500 fines constitutes plain error. Accordingly, we vacate the imposition of one $2,500 fine.

{¶ 17} Judgment reversed in part, vacated in part, and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---
MARY EILEEN KILBANE, JUDGE

ANITA LASTER MAYS, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR