[Cite as *State v. Clemons*, 2022-Ohio-4395.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111561 |
| v. | : | |
| MONIQUE CLEMONS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED IN PART; VACATED IN PART;
AND REMANDED
**RELEASED AND JOURNALIZED:** December 8, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-660495-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Eamonn McDermott, Assistant Prosecuting
Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Noelle A. Powell, Assistant Public Defender, *for appellant.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Defendant-appellant, Monique Clemons, appeals the terms of her sentence to community-control sanctions. Pursuant to Loc.App.R. 16(B), plaintiff-

appellee, state of Ohio, concedes this error. After a thorough independent review of the record and law, we reverse in part, vacate in part, and remand.

## I. Factual and Procedural History

{¶ 2} This incident stems from a traffic stop where Clemons was found to have a loaded, concealed, and readily available handgun in her possession. A Cuyahoga County Grand Jury indicted Clemons on three counts: having weapons while under disability (Count 1), carrying a concealed weapon (Count 2), and improper handling of firearms in a motor vehicle (Count 3).

{¶ 3} Clemons accepted a plea deal and entered a guilty plea to Count 2 and agreed to forfeit the weapon to the Cleveland Police Department. Counts 1 and 3 were nolled. The trial court ordered Clemons to comply with a presentence investigation prior to sentencing.

{¶ 4} During her sentencing hearing, Clemons was sentenced to community-control sanctions for a period of five years. At issue in this appeal is the following portion of the trial court's order, pertinently ordering:

> Do not patronize any location where drugs and/or alcohol are sold, served, or used. This includes but is not limited to restaurants, bars, sporting venues, concerts, family weddings, backyard barbeques, private parties, political events, etc.
>
> The defendant must submit to random testing. When requested, the defendant must know the hours of the lab and when specimens are taken. The Defendant has a grace period of testing positive for marijuana till 05/28/2022.
>
> You must attend a 12-step program meeting every day for 90 days, thereafter, Sundays off and every other day Monday-Wednesday-Friday or Tuesday, Thursday, Saturday, not three times a week.

Must have a same-sex sponsor within 30 days and must give his/her name and number to your probation officer. Sponsor must have 10 years of sobriety. No family, friends, or relatives allowed.

{¶ 5} From this order, Clemons assigns a single assignment of error for our review:

When there was no connection between the crime for which Ms. Clemons was being sentenced and substance use the trial [court] abused its discretion in prohibiting Ms. Clemons from any place or event in which alcohol is being consumed; requiring the random testing of Ms. Clemons for alcohol or drug consumption; and requiring Ms. Clemons' participation in AA.

## II. Law and Analysis

{¶ 6} R.C. 2929.15(A)(1) enables a trial court to impose a community-control sanction in lieu of a prison sentence. When sentencing a felony offender, the trial court may impose community-control sanctions that are residential, nonresidential, and financial so long as they are authorized by R.C. 2929.16, 2929.17, and 2929.18. R.C. 2929.15(A)(1). Additionally, "[t]he court may impose any other conditions of release under a community control sanction that the court considers appropriate * * * ." R.C. 2929.15(A)(1).

{¶ 7} Because the statute allows broad discretion in imposing community-control conditions, we review community-control conditions for an abuse of discretion. *State v. Minarik*, 2018-Ohio-3586, 112 N.E.3d 550, ¶ 75 (8th Dist.), citing *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 10. An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v.*

*Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. Such an abuse "''implies that the court's attitude is unreasonable, arbitrary or unconscionable.'''" *State v. Montgomery*, Slip Opinion No. 2022-Ohio-2211, ¶ 135, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 8} Community-control conditions must reasonably relate to the goals of community control: "'rehabilitation, administering justice, and ensuring good behavior.'" *State v. Mahon*, 8th Dist. Cuyahoga No. 106043, 2018-Ohio-295, ¶ 7, quoting *Talty* at ¶ 16. In *State v. Jones*, 49 Ohio St.3d 51, 53, 550 N.E.2d 469 (1990), the Ohio Supreme Court set forth a test for determining whether community-control conditions reasonably relate to these goals. The trial court must consider whether the condition is (1) reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation. *Id.* "All three prongs of the *Jones* test must be satisfied for the reviewing court to find that the trial court did not abuse its discretion." *Mahon* at ¶ 8, citing *State v. White*, 10th Dist. Franklin No. 14AP-1027, 2015-Ohio-3844, ¶ 10. Further, the conditions "'cannot be overly broad so as to unnecessarily impinge upon the [offender's] liberty.'" *Talty* at ¶13, quoting *Jones* at 52.

{¶ 9} Clemons argues that the second factor of the *Jones* test is not met because the crime from which this sentence was imposed, carrying a concealed weapon, is not a drug or alcohol related offense. Clemons also notes that pursuant

to the first factor, drug- and alcohol-based community-control conditions are irrelevant to her rehabilitation. Finally, Clemons also argues that under the third factor, there is nothing in the record suggesting that her substance use is related to her current or future criminality.

{¶ 10} In response, the state filed a notice of conceded error stating that

> the [s]tate recognizes also that the second prong of the *Jones* test is not satisfied because the prohibition against alcohol, random drug testing, and AA participation is not related to [a]ppellant's conviction of attempted carrying a concealed weapon. Further, [a]ppellant's lack of criminal history (no prior adult felony convictions) did not establish that she had a substance abuse issue. Therefore, [a]ppellee joins [a]ppellant's request to reverse, and remand to trial court for further proceedings.

{¶ 11} Pursuant to the second *Jones* factor, this court, in *Mahon*, 8th Dist. Cuyahoga No. 106043, 2018-Ohio-295, noted that several Ohio courts require some nexus between an offender's crime and drug and/or alcohol use or abuse to uphold community-control conditions. *Id.* at ¶ 9, citing *Strongsville v. Feliciano*, 8th Dist. Cuyahoga No. 96294, 2011-Ohio-5394; *accord State v. Brown*, 8th Dist. Cuyahoga No. 111173, 2022-Ohio-3233, ¶ 12.

{¶ 12} In *Mahon*, the defendant was convicted of unlawful use of telecommunications device. The terms of his community control forbade him from using drugs or alcohol and attending any place or function where alcohol or drugs were sold, used, or served. This court ultimately found that these conditions did not satisfy the *Jones* test because the conditions were totally unrelated to the crime for which he was convicted, stating that "[t]he record contains no mention

whatsoever of drugs or alcohol having been involved in the incident for which Mahon was convicted." *Id.* at ¶ 11.

{¶ 13} In *Feliciano*, the defendant was convicted of domestic violence. The terms of his community control included random drug and alcohol testing. After applying the *Jones* test, this court reversed, reasoning that "[t]he present record is devoid of any indication that appellant's crime was related to alcohol or drug use * * *." *Feliciano* at ¶ 11.

{¶ 14} In *Brown*, 8th Dist. Cuyahoga No. 111173, 2022-Ohio-3233, the defendant was convicted of criminal nonsupport. His community-control terms forbade him from going anywhere where drugs and/or alcohol are sold, served, or used. This court reversed, reasoning that "there is no nexus between Brown's conviction for criminal nonsupport and a prohibition on being near alcohol. Neither indictment here contains any reference to drugs or alcohol, and our review of the record reveals no connection between alcohol and Brown's convictions." *Brown* at ¶ 13.

{¶ 15} In the instant matter, the record indicates that Clemons had a small amount of marijuana in her possession at the time that the officers found the weapon. Officers searched the vehicle and did not find any additional marijuana or drugs. Despite this, the underlying indictment did not include any charges relating to the marijuana. Further, nothing in the record substantiates that Clemons's possession of the gun had any nexus to her possession of this small amount of marijuana.

{¶ 16} The record also indicates that this offense bears no relation to alcohol. Consistent with this court's holdings in *Mahon*, *Feliciano*, and *Brown*, we find that the prohibitions pertaining to alcohol including not patronizing any establishment where alcohol is used, sold, or served, and attending 12-step program meetings are not reasonable under the second factor of the *Jones* test. The failure to meet this factor is dispositive of this appeal.

{¶ 17} We also note that despite Clemons possessing a small amount of marijuana, the record does not indicate that Clemons has any substance abuse issues suggesting that she needs rehabilitation. The following exchange occurred at sentencing:

> THE COURT: * * * Okay. So according to what you told our investigator, you stopped drinking at one point but you've gone back to drinking, correct?
>
> [CLEMONS]: I just drink socially. I stopped drinking for most of my adult life actually.
>
> THE COURT: And you used marijuana, correct?
>
> [CLEMONS]: Not so much anymore.
>
> THE COURT: But if you test positive for alcohol or any drug that is not properly prescribed for you, you will be violating my probation.

(Tr. 22-23.)

{¶ 18} Further, Clemons's presentence investigation report indicates that she struggled with alcohol use before turning 18 and completely abstained from alcohol between ages 18 through 31. She now drinks socially and does not feel it

poses a problem. The record supports this, and the state concedes that Clemons does not appear to have a substance abuse problem.

{¶ 19} We also note that it does not appear that drugs or alcohol play a role in Clemons's current or future criminality. This is her first adult felony. Clemons was adjudicated delinquent in a juvenile matter from 2006 on robbery and assault charges. Three months prior to this case, she was charged with having weapons while under disability, but the case was dismissed. Her own explanation at sentencing was that

> [CLEMONS]: Well, actually I was wrongfully identified as someone else. Apparently some girls — some women, they robbed a liquor store in Independence. I look nothing like them. One was extremely light and one was extremely darker. I was only there for like three hours.

(Tr. 21.)

{¶ 20} The record before us does not indicate that the instant matter bore any relation to drugs and/or alcohol. Even though a small amount of marijuana was found in Clemons's possession, it is not clear that the marijuana bears any relationship to her possession of a weapon, and the underlying indictment did not include any charges relating to Clemons's marijuana possession. We further note that the record does not establish that Clemons has a substance abuse problem warranting rehabilitation and, further, the small amount of marijuana does not appear to relate to the criminal conduct nor does it appear to pose a risk for future criminality.

## III. Conclusion

{¶ 21} Clemons's sole assignment of error is sustained because factor two of the *Jones* test was not met. Further, the state concedes the error in full. We vacate the portions of the sentencing entry requiring Clemons to refrain from patronizing places and events where drugs and alcohol are served, sold, and used; submit to random drug and alcohol testing; and attend 12-step program meetings and retain a sponsor.

{¶ 22} Judgment reversed in part, vacated in part, and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR