[Cite as *Rocky River v. Alaref*, 2023-Ohio-924.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF ROCKY RIVER, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 111567 |
| v. | : | |
| MAZEN ALAREF, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED
**RELEASED AND JOURNALIZED:** March 23, 2023

Criminal Appeal from the Rocky River Municipal Court
Case No. 22-CRB-0538

___

*Appearances:*

Michael O'Shea, Law Director, City of Rocky River, and A.
Steven Dever, Assistant Law Director, *for appellee.*

Scott J. Friedman, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Appellant Mazen Alaref ("Alaref") appeals the municipal court's journal entry imposing community-control sanctions. After reviewing the facts of the case and pertinent law, we affirm in part and reverse in part the trial court's order.

## I.  Facts and Procedural History

{¶ 2}  On April 26, 2022, Alaref pled guilty to persisting in disorderly conduct, a misdemeanor of the fourth degree in violation of R.C. 2917.11(A)(5) and (E)(3)(A).

{¶ 3}  On the same day, the municipal court sentenced Alaref to a suspended 30-day jail sentence.  Additionally, the court ordered Alaref to "continue to support wife/daughter until further order of court" as restitution and to pay a fine of $250.  The court also imposed community-control sanctions for five years with the following conditions pertinent to this appeal:

> Defendant is to abstain from the use of alcohol and drugs of abuse[;]

> Defendant is subject to random testing for alcohol/drugs of abuse, at defendant's costs * * *[;]

> Defendant is to have no contact with daughter [and] wife[;] [and]

> [Defendant is to] [c]ooperate with original * * * or separat[e] application of asylum[.]

{¶ 4}  It is from this order that Alaref appeals raising the following assignment of error:

> The trial court imposed conditions of community control that violated Ohio law and violated [his] Constitutional rights.

## II.  Law and Analysis

{¶ 5}  Appellate courts review the imposition of community-control sanctions for an abuse of discretion.  *State v. Cooper*, 2016-Ohio-8048, 75 N.E.3d 805, ¶ 31 (8th Dist.), citing *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 10.  An abuse of discretion "connotes more than an error of law or

judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Trial "courts lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 39.

{¶ 6} Community-control sanctions must reasonably relate to the goals of community control: rehabilitation, administering justice, and "'insuring good behavior.'" *Talty* at ¶ 12, quoting 1983 Am.Sub. S.B. No. 210, 140 Ohio Laws, Part I, 604. To determine whether a community-control sanction is proper, courts "consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of [community control]." *State v. Jones,* 49 Ohio St.3d 51, 53, 550 N.E.2d 469 (1990). The trial court abuses its discretion if the community-control sanctions do not satisfy all three prongs of the *Jones* test. *State v. Brown*, 8th Dist. Cuyahoga No. 111173, 2022-Ohio-3233, ¶ 11.

{¶ 7} As previously noted, Alaref pled guilty to persisting in disorderly conduct in violation of R.C. 2917.11(A)(5) and (E)(3)(A). Pursuant to R.C. 2917.11(A)(5):

> No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
>
> * * *

Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender.

R.C. 2917.11(E)(3)(A) makes the conviction for disorderly conduct a fourth-degree misdemeanor if "the offender persists * * * after reasonable warning or request to desist."

## A. No-Contact Order

{¶ 8} Alaref argues that the trial court's order that he have no contact with his daughter as a condition of community control "bears no rational relation to the crime" of disorderly conduct because "[h]is daughter had nothing to do with the offense." Further, he claims that "the no contact order, as it relates to both [his] daughter and wife, fails the *Jones* test." We disagree.

{¶ 9} Prior to the imposition of sentence, the court heard statements from the state that Alaref "has issues as far as how he conducts his relationships and the use of violence and verbal abuse, * * * hopefully he understands by what he is receiving today, that he corrects his behavior so that he's not * * * causing harm to people that he claims that he loves[.]"

{¶ 10} The court proceeded to sentencing, acknowledging that Alaref is a licensed dentist in Syria, and stated that "part of being a doctor and a dentist is that you care for other people. * * * And one of the biggest things that someone at times, and apparently in this situation here, you lost in this one instance the caring and support of the welfare and the health of an individual that you once loved, who was once your best friend, and your daughter." Further, "the empathy of this whole thing

is going back to your wife and your daughter, and that they do not suffer the consequences of someone else's actions."

{¶ 11} The record demonstrates that Alaref's wife and daughter are the victims of the persisting in disorderly conduct of which Alaref was convicted. That is, Alaref created "a condition that [was] physically offensive to [his wife and daughter] or that present[ed] a risk of physical harm" to them. *See* R.C. 2917.11(A)(5).

{¶ 12} Turning the *Jones* test, the no-contact order imposed by the court is related to rehabilitating Alaref, relates to the crime, and serves the statutory ends of community control. The no-contact order ensures Alaref can no longer create physically offensive or harmful conditions regarding his wife and daughter. The no-contact order therefore encourages rehabilitation by minimizing the risk Alaref will repeat his offense, is related to the crime, and serves the statutory ends of community control.

{¶ 13} Alaref argues that the no-contact order violates his constitutional right to parent his child. Having found that the no-contact order meets the *Jones* test, we find that the trial court's order does not violate Alaref's constitutional right to parent his child. *See State v. Emery*, 12th Dist. Clermont No. CA2014-09-062, 2015-Ohio-1487, ¶ 26 (discussing a parent's fundamental constitutional right to raise his or her children and finding that "[c]ommunity-control sanctions that restrict parental rights, including those that prohibit contact where the defendant's

children were the victims of the crime for which the defendant has been convicted, have consistently been upheld when the conditions pass the" *Jones* test).

{¶ 14} Among the cases that Alaref urges this court to follow is *Cleveland v. Cornely*, 8th Dist. Cuyahoga No. 109556, 2021-Ohio-689; however, the facts of the case at hand are unlike those in *Cornely* because here the record reflects that Alaref's wife and daughter are victims. In *Cornely*, this court reversed the imposition of an indefinite no-contact order with the defendant's children when the defendant pled guilty to domestic violence, and the record was clear that the sole victim was the defendant's wife. The *Cornely* Court did not state that any no-contact order with children would be improper. Rather, it noted that "the trial court could fashion conditions that included the children," but "[t]he conditions should be reasonable, appropriate, and have a definite duration." *Cornely* at ¶ 22. *See also Lakewood v. Radostitz*, 8th Dist. Cuyahoga No. 105620, 2018-Ohio-1971 (finding the trial court abused its discretion when it ordered that a father have no contact with his children as a condition of community control when he was convicted of assaulting his wife). Accordingly, we find that the trial court's sentence is supported by the record.

{¶ 15} Therefore, we find that the trial court was within its discretion to impose a no-contact order regarding both Alaref's wife and daughter as a condition of community control. *See Chagrin Falls v. Wallace*, 8th Dist. Cuyahoga No. 75640, 2000 Ohio App. LEXIS 752, 6 (Mar. 2, 2000) (finding that "[t]he trial court validly imposed a condition of [defendant's] probation * * * that [he] have no contact with the complainant" after being convicted of disorderly conduct); *Defiance v. Mohr*,

3d Dist. Defiance Nos. 4-90-5 and 4-90-6, 1991 Ohio App. LEXIS 2841, 1 (June 12, 1991) (noting that a no-contact order was imposed following a conviction for disorderly conduct).

## B. Drugs and Alcohol

{¶ 16} Next, Alaref challenges the conditions of community control requiring him to abstain from drugs and alcohol and to be subject to random screenings at his expense. We find that these conditions do not meet any of the prongs of the *Jones* test.

{¶ 17} This court has routinely reversed the imposition of alcohol-related community-control sanctions where there is no "nexus between an offender's crime and drug or alcohol abuse[.]" *Brown*, 8th Dist. Cuyahoga No. 111173, 2022-Ohio-3233, at ¶ 12, citing *State v. Mahon*, 8th Dist. Cuyahoga No. 106043, 2018-Ohio-295, ¶ 9. *See also Strongsville v. Feliciano*, 8th Dist. Cuyahoga No. 96294, 2011-Ohio-5394 (finding that the trial court abused its discretion when it ordered the defendant to have a drug and alcohol assessment and submit to random drug and alcohol screening when the record is "devoid" of any reference that the crimes were related to drug or alcohol use or that the defendant had a history of drug or alcohol abuse).

{¶ 18} Here, nothing in the record indicates that drugs or alcohol were involved when Alaref committed the offense of persisting in disorderly conduct. Further, nothing in the record indicates that Alaref has a history of drug or alcohol abuse. Of course, use of illegal drugs is prohibited by statute. Therefore, we find

that the trial court abused its discretion when it prohibited the use of alcohol and required Alaref to submit to screenings as conditions of community control.

### C. Asylum Cooperation

{¶ 19} Alaref challenges the trial court's requirement that he "cooperate with the asylum application" because it has "no connection whatsoever to [his] crime of disorderly conduct." We find that this condition does not meet any of the prongs of the *Jones* test.

{¶ 20} The record demonstrates that Alaref filed an asylum "application for [himself] and [his] family * * *" but that his wife may "file a separate application * * * depending on what happens at domestic relations" court. The municipal court required, as a condition of Alaref's community control, that he cooperate with either the original or a separate asylum application "so that all three of you are awarded asylum here in this country."

{¶ 21} Nothing in the record demonstrates how Alaref's cooperation with his wife's asylum application is related to conduct, which is criminal or reasonably related to future criminality. Accordingly, the trial court abused its discretion when it imposed the obligation to cooperate with his wife's asylum application as a condition of community control.

### D. Support

{¶ 22} Finally, Alaref argues that the trial court's "requirement that [he] continue to financially support his wife and daughter" was an improper condition of

community control. The trial court's journal entry states that Alaref is to "continue to support wife/daughter until further order of court."

{¶ 23} While R.C. 2929.25, permits trial courts to impose restitution pursuant to R.C. 2929.28 as a condition of community control, the ongoing support obligation imposed by the trial court is not proper. R.C. 2929.28(A)(1) states in pertinent part, that "[i]f the court imposes restitution, the court shall determine the amount of restitution to be paid by the offender" which amount "shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." A "trial court's restitution order does not comply with R.C. 2929.28(A)(1) [when] the trial court did not 'determine the amount of restitution to be paid by'" the defendant. *Cleveland v. Rushton*, 8th Dist. Cuyahoga No. 108579, 2020-Ohio-1281, ¶ 38 *,* quoting R.C. 2929.28(A)(1). *See also State v. Peterman*, 12th Dist. Butler No. CA2009-06-149, 2010-Ohio-211, ¶ 6, quoting *State v. Friend*, 68 Ohio App.3d 241, 243, 587 N.E.2d 975 (10th Dist.1990) ("The amount of restitution ordered by the trial court must be based on the actual loss caused by the offender's criminal conduct, therefore 'restitution can be ordered only for those acts that constitute the crime for which the defendant was convicted and sentenced.'"). (Emphasis deleted.)

{¶ 24} Here, the court did not determine a set amount, rather it gave a general requirement that Alaref "continue to support" his wife and daughter "until further order of the court." Further, nothing in the record demonstrates that this ongoing support order is consistent with and no greater than the amount of

economic loss suffered as a direct and proximate result of Alaref's crime of persisting in disorderly conduct. For all the same reasons, we find that this indefinite support order fails the *Jones* test because it does not relate to rehabilitating Alaref, the crime of persisting in disorderly conduct, or Alaref's criminal conduct.

{¶ 25} In conclusion, Alaref's sole assignment of error is sustained in part and reversed in part. The community-control sanctions related to Alaref's requirement to abstain from alcohol and drugs, be subject to random drug and alcohol screening at his cost, cooperate with his wife and daughter's asylum applications, and continue to support his wife and daughter are vacated. All other conditions of community control are affirmed. The matter is remanded to the trial court with instructions to issue a journal entry consistent with this opinion.

{¶ 26} Judgment affirmed in part and reversed in part. This case is remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

SEAN C. GALLAGHER, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR